IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES L. ALEXANDER,

                       Petitioner,

v.                                            OPINION & ORDER

REED A. RICHARDSON,                    15-cv-346-jdp

                       Respondent.

---

      In this case, petitioner Charles L. Alexander, a prisoner housed at the Stanley Correctional Institution, seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a conviction entered in the Circuit Court for Rock County, Wisconsin. Petitioner has paid the $5 filing fee. The next step is for the court to conduct a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under this rule, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In reviewing this pro se petition, I must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After review of the petition with this principle in mind, I conclude that petitioner has not supported his claims with enough factual detail to enable me to determine whether the petition should be dismissed or be served upon the state. I will give petitioner an opportunity to file an amended petition.

FACTS

I draw the following facts from the petition and the state of Wisconsin's online court records databases.

Petitioner challenges his March 29, 2012, conviction for sexual assault of a child by a foster parent. After petitioner pleaded no contest, he appealed his conviction. Petitioner's appellate counsel filed a "no-merit" report stating that petitioner had no meritorious issues to raise on appeal, and petitioner did not respond. The Wisconsin Court of Appeals affirmed petitioner's conviction after considering (1) whether petitioner's plea was knowingly, intelligently, and voluntarily entered; (2) whether the circuit court erroneously exercised its discretion at sentencing; and (3) whether petitioner was afforded effective assistance of counsel. *State v. Alexander*, No. 2013AP1117-CRNM, slip op. at 2 (Wis. Ct. App. July 24, 2013).

Petitioner then filed a state habeas petition under *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), arguing that the court of appeals failed to properly independently review petitioner's grounds for appeal. That motion was denied in December 2014. The court of appeals' decision on the *Knight* petition is not available on the state's online appellate-court database.

ANALYSIS

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." This requirement is more demanding than what is required under Federal Rule of Civil Procedure 8. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). The purpose of this rule "is to

2

assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id*. at 656 (quoting 28 U.S.C. § 2243).

The petition filed by petition Alexander does not meet Rule 2's standards. Petitioner describes his grounds for habeas relief as follows: his rights to counsel and to a direct appeal were violated because his appellate counsel filed a no-merit report instead of raising meritorious issues, the court of appeals failed to adequately independently review those meritorious issues, and the court of appeals' decision on his *Knight* petition was based on an unreasonable application of federal law. This description is far too vague because petitioner does not explain specifically what his meritorious issues are.

In the section of his petition discussing his *Knight* petition, petition states that his trial counsel was ineffective for "not objecting to breach of plea agreement" and that his plea "was not knowing or intelligent." Dkt. 1, at 3. Perhaps these are the grounds he believes forms the basis of his habeas claims, but his statement appears to contradict the procedural history of the case. For instance, the issue whether petitioner's plea was knowing and intelligent *was* independently discussed by the court of appeals in his direct appeal. Petitioner does not explain why the court of appeals' discussion of his plea in his direct appeal was deficient, and he does not explain why the court of appeals' decision on his *Knight* petition was based on an unreasonable application of federal law.

I will give petitioner an opportunity to file an amended petition that fixes these problems. In his amended petition, petitioner needs to explain why he believes he is entitled to habeas relief. It is not enough to list the constitutional rights he believes were violated. Rather, he needs to also explain the facts supporting his grounds for relief. For instance, if he believes that his plea was not knowingly entered, he should explain why he thinks this is so,

3

what his trial and appellate counsel failed to do, whether he would have pleaded no contest in the absence of trial counsel's alleged errors, and why the court of appeals' discussion of the issue is an unreasonable application of federal law. Although not required, it may be useful for him to attach a copy of the court of appeals' decision on his *Knight* petition if he still has a copy of that decision.

Should petitioner fail to submit an amended petition by the deadline set below, I will dismiss his petition.

ORDER

IT IS ORDERED that petitioner Charles L. Alexander may have until June 1, 2016, to submit an amended petition that complies with Rule 2(c) of the Rules Governing Section 2254 Cases. Should petitioner fail to submit an amended petition by this deadline, I will dismiss his petition.

Entered May 11, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge