IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES L. ALEXANDER,

                Petitioner,

   v.

REED A. RICHARDSON,

                Respondent.

OPINION and ORDER

15-cv-346-jdp

---

Petitioner Charles L. Alexander, appearing pro se, is a state of Wisconsin prisoner housed at Stanley Correctional Institution. Alexander seeks a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his 2012 conviction in the Circuit Court for Rock County, Wisconsin, for sexual assault of a child by a foster parent. He contends that he received ineffective assistance from his appellate counsel, who filed a no-merit report instead of raising two potentially meritorious issues: (1) his trial counsel was ineffective for failing to object to the prosecutor violating a plea agreement limiting the length of sentence the prosecutor could argue for at sentencing; and (2) trial counsel was ineffective for failing to tell him that his no-contest plea could be treated more harshly than a guilty plea at sentencing.

Respondent has filed a motion to dismiss the petition as untimely. Dkt. 14. Petitions brought under § 2254 have a one-year statute of limitations that begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Alexander was convicted on March 29, 2012, and the Wisconsin Court of Appeals ruled on his no-merit appeal on July 24, 2013. Dkt. 15-4. Although Alexander had 30 days to seek review of this decision by the Wisconsin Supreme Court, he did not do so. Therefore, the statute of limitations for Alexander's filing of

a federal habeas petition began to run on August 23, 2013, and would have expired on August 25, 2014.[1] *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (if petitioner does not seek review in state's highest court, judgment becomes final when time for seeking such review has expired).

On August 18, 2014, just before the limitations period ended, Alexander filed a petition for writ of habeas corpus under *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), in the Wisconsin Court of Appeals. Dkt. 15-5. A "properly filed" motion for postconviction or other collateral relief tolls the one-year limitations period. 28 U.S.C. § 2244(d)(2). After the court of appeals denied the petition, Alexander sought review in the Wisconsin Supreme Court, which denied review on March 16, 2015. Dkt. 15-7.

That left Alexander with about a week left in his one-year period to file a § 2254 petition. But Alexander did not submit his petition for mailing until May 29, 2015, *see* Dkt. 1, at 14. So his petition is about two months late.

Alexander contends that he had 90 more days before his conviction became final, corresponding to the 90 days he would have had to file a petition for writ of certiorari with the United States Supreme Court following his direct appeal, citing *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005), in which the Court of Appeals for the Seventh Circuit assumed that the 90-day window to seek certiorari review would apply even where the petitioner did not seek review by the Wisconsin Supreme Court.[2] But the United States Supreme Court has

---

[1] August 23, 2014, was a Saturday, so the limitations period continued until the next business day. *See* Fed. R. Civ. P. 6.

[2] Both parties also cite *Balsewicz* for the proposition that a conviction becomes final on the day the court of appeals issues its remittitur. 425 F.3d at 1034. That ruling appears to have been superseded by the ruling in *Gonzalez* that convictions are final when a petitioner runs out of time to seek review in the state's highest court. 565 U.S. at 150. But the result would not change even applying the *Balsewicz* rule: remittitur was issued on September 4, 2013, *see* Dkt. 15-3, only 12 days after Alexander's deadline to seek review by the Wisconsin

2

ruled that a petitioner does not get the benefit of this extra 90 days before the conviction becomes final if the petitioner fails to appeal to the state's highest court. *Gonzalez*, 565 U.S. at 150. Without that extra 90 days, Alexander's petition is untimely.

There are two ways that Alexander could overcome his untimeliness. First, Alexander could show that that he is entitled to equitable tolling. To receive equitable tolling, he must show that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Second, Alexander could show that he is entitled to an equitable exception based on a claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013).

But these exceptions are quite rare, and Alexander does not attempt to show that he meets either of them. As discussed above, he is incorrect about receiving the benefit of the 90-day deadline to file a petition for writ of certiorari with the United States Supreme Court, but his mistaken belief that he had this extra time is not a reason to grant him equitable tolling. *See Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."). Therefore, I will grant respondent's motion to dismiss.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the

---

Supreme Court.

constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Because reasonable jurists would not debate the timeliness issue in this case, I will not issue a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Respondent's motion to dismiss Charles L. Alexander's petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 14, is GRANTED. This case is DISMISSED.

2. Alexander is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered November 27, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge